**H & W MOTOR EXPRESS,**
Plaintiff–Appellant,

v.

Thomas **CHRIST**, Defendant–Appellee.

No. 93–0412.

Court of Appeals of Iowa.

March 24, 1994.

Les V. Reddick of O'Connor & Thomas, P.C., Dubuque, for appellant.

Stephen Lombardi, Des Moines, and Nick J. Avgerinos of Capron, Avgerinos & Popelka, P.C., Chicago, IL, for appellee.

Heard by DONIELSON, C.J., SACKETT, J., and CRITELLI, S.J.*

CRITELLI, Senior Judge.

In August 1988, Thomas Christ suffered a work-related injury during the course of his employment with H & W Motor Express. Christ claims that he informed his supervisor at the time the injury happened but the company claims they did not become aware of the injury until December 1988. The company paid Christ's medical expenses for the injury.

The company requested Christ to have two medical evaluations concerning the extent of his functional disability. Those evaluations indicated Christ had a workers' compensation claim of over $23,000. Although Christ may have been aware of one of the evaluations, the company did not directly inform him of the result of the evaluations.

On August 21, 1990, a meeting was held for the purpose of settling Christ's workers' compensation claim. Christ was called from his job to attend the meeting. Present at the meeting were Christ, Don Walling (a supervisor at H & W Motor Express), Dr. John Carr (a part owner of the company), Mike Lubben and Kate Hefel (representatives of Cottingham & Butler, the administrator of H & W's self-insurance program). The company offered $10,000 in full settlement of Christ's workers' compensation claim.

Throughout the meeting Christ was adamant that he had properly given notice of his injury and there was no dispute on the issue of notice. The company claimed there was a dispute concerning notice. The company claimed that because there was a dispute the case could be considered a special case settlement which would bar future medical payments. Such settlements are submitted to the Industrial Commissioner pursuant to Iowa Code section 85.35. Walling, Carr, Lubben and Hefel testified they believed that when they left the meeting they had reached an oral agreement. However, Christ testified that he planned on waiting until he received the written contract before deciding what he would do.

Christ subsequently received an application for special case settlement which had to be signed by him. After he started to read it he decided he needed the help of an attorney. He ultimately refused to sign the agreement because he claimed there was no dispute that he had given notice to his supervisor.

The company subsequently filed this action for specific performance asserting that the parties had orally agreed to settle Christ's workers' compensation claim for $10,000. On February 11, 1993, following a trial to the court a judgment was entered dismissing the petition. The court determined that there was no meeting of the minds of the issue of whether there was a dispute on the issue of notice. The court noted that Christ has always been adamant there is no dispute on this issue. The court concluded the parties intended not to be bound until the written document was signed and executed. The company has appealed.

■ Our scope of review of an action for specific performance is de novo. *Gildea v. Kapenis,* 402 N.W.2d 457, 459 (Iowa App. 1987). In equity cases, especially when considering the credibility of witnesses, we give weight to the fact findings of the trial court, but we are not bound by them. *Id.*

■ The plaintiff's burden in a suit for specific performance is to prove by clear, satisfactory, and convincing evidence the terms of the contract declared upon in his or her pleadings. *Id.* Specific performance of

---

* Senior judge from the 5th Judicial District serving on this court by order of the Iowa Supreme Court.

a contract is not a remedy which is available as a matter of right. *Id.* Rather, its availability rests in the sound discretion of the court. *Id.*

When the terms of an agreement are definitely fixed so that nothing remains except to reduce them to writing, an oral contract will be upheld unless the parties intended not to be bound until the agreement was reduced to writing. *Severson v. Elberon Elevator, Inc.,* 250 N.W.2d 417, 420 (Iowa 1977). In order to be binding, the settlement must be complete in itself and certain. *Linn County v. Kindred,* 373 N.W.2d 147, 150 (Iowa App.1985). An agreement to agree at some point in the future is not binding. *Id.* Whether preliminary negotiations actually ripened into an oral contract depends on the intention of the parties as gleaned from the facts of the case. *Severson,* 250 N.W.2d at 421.

We agree with the district court's conclusion that the company did not sufficiently show the parties here had entered into an oral contract. While representatives of the company may have believed an oral agreement had been reached at the meeting on August 21, 1990, it is clear that Christ never entered into such an agreement.

All who were present at the meeting testified that Christ remained adamant that he had properly given notice of his injury and that he would not agree there was a dispute on that point. As the district court noted, while it is obvious there is a factual dispute on this point, Christ is unable to draw the distinction between the truth of his position and the fact that a dispute exists in regard to his position. The evidence shows Christ lacks sophistication as to business affairs.

We conclude there was no oral contract as a result of the August 21, 1990, meeting. Therefore, specific performance would be inappropriate. We affirm the decision of the district court.

**AFFIRMED.**